**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **AMERICAN PATENTS LLC,** | § | |
| | § | |
| *Plaintiff,* | § | Civil Case No. 4:18-cv-00674-ALM |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| **SAMSUNG ELECTRONICS** | § | |
| **AMERICA, INC.,** *et al.,* | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

<u>**SAMSUNG ELECTRONICS AMERICA, INC. AND SAMSUNG ELECTRONICS CO.,**</u>
<u>**LTD.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**</u>

SANDERS, MOTLEY, YOUNG
& GALLARDO

Roger D. Sanders
roger.sanders@somlaw.net
J. Michael Young
michael.young@somlaw.net
111 South Travis Street
Sherman, Texas 75090
(903) 892-9133

BAKER BOTTS LLP

Timothy S. Durst
tim.durst@bakerbotts.com
2001 Ross Avenue
Dallas, TX 75201
(214) 953-6500

Neil P. Sirota
neil.sirota@bakerbotts.com
Robert L. Maier
robert.maier@bakerbotts.com
Michael E. Knierim
michael.knierim@bakerbotts.com
30 Rockefeller Plaza, 44th Floor
New York, NY 10112
(212) 408-2500

**Attorneys for Defendants**
**Samsung Electronics America, Inc. and**
**Samsung Electronics Co., Ltd.**

## Table of Contents

Table of Contents ................................................................................................ ii

Table of Authorities ........................................................................................... iii

I.      INTRODUCTION ......................................................................................... 1

II.     STATEMENT OF THE ISSUES ................................................................. 2

III.    FACTUAL BACKGROUND ....................................................................... 2

IV.    LEGAL STANDARD FOR DISMISSAL .................................................. 4

V.     ARGUMENT ................................................................................................. 5

      A.     Plaintiff's Claims of Direct Infringement Should be Dismissed ...................... 5

            1.     Plaintiff fails to plead facts sufficient to provide notice of which Samsung activity allegedly directly infringes the Asserted Patents ........... 5

            2.     Plaintiff does not allege that the accused Samsung products are sold with the allegedly infringing third-party apps and hardware installed as required to plead direct infringement ...................................... 9

            3.     The Complaint does not plausibly allege that Samsung has committed an act that infringes the asserted method claims of the Network Patents ..................................................................................... 11

      B.     Plaintiff's Claims of Indirect Infringement Should be Dismissed .................. 13

            1.     Plaintiff does not sufficiently plead any underlying acts of direct infringement which is required to support indirect infringement ............ 13

            2.     Plaintiff does not plead any pre-suit knowledge of the asserted patents .............................................................................................. 13

            3.     Plaintiff does not adequately plead the remaining elements of induced infringement ................................................................................ 14

            4.     Plaintiff does not adequately plead the remaining elements of contributory infringement; the allegations do not credibly assert the absence of non-infringing uses ............................................................. 15

      C.     Plaintiff's Claims of Willful Infringement Should be Dismissed .................... 18

VI.    CONCLUSION ......................................................................................... 21

# Table of Authorities

Page(s)

<span style="font-variant: small-caps;">Cases</span>

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
797 F.3d 1020 (Fed. Cir. 2015) (*en banc*) ............................................................................ 11

*Ansell Healthcare Prods. LLC v. Reckitt Benckiser LLC*,
No. 15-cv-915-RGA, 2018 WL 620968 (D. Del. Jan. 30, 2018) ........................................... 20

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .............................................................................. 1, 4, 5, 8, 16, 17, 18

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................................... 1, 4, 5, 18

*Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*,
No. 2:15-cv-1274-JRG-RSP, 2016 WL 4778699 (E.D. Tex. Aug. 19, 2016) ........................ 18

*BMC Resources v. Paymentech, L.P.*,
498 F.3d 1373 (Fed. Cir. 2007) ............................................................................................ 11

*Bush Seismic Techs., LLC v. Global Geophysical Servs., Inc.*,
No. 2:15-cv-1809-JRG, Dkt. 44, slip op. (E.D. Tex. Apr. 13, 2016) .................................... 19

*Cellular Commc'ns Equip. LLC v. HTC Corp.*,
No. 6:13-cv-507-LED, 2015 WL 11118110 (E.D. Tex. Mar. 27, 2015) ............................... 16

*Commil USA, LLC v. Cisco Systems, Inc.*,
135 S. Ct. 1920 (2015) ............................................................................................... 14, 16

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
No. 6:14-cv-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) .......... 5, 14, 15, 17

*Desenberg v. Google, Inc.*,
392 Fed. Appx. 868 (Fed. Cir. 2010) ................................................................................... 11

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
No. 2:15-cv-11-RSP, 2017 WL 5137401 (E.D. Tex. Nov. 4, 2017) ..................................... 20

*Ericsson, Inc. v. D-Link Systems, Inc.*,
773 F.3d 1201 (Fed. Cir. 2014) ............................................................................................ 12

*Global–Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754, 131 S. Ct. 2060 (2011) .................................................................................. 14

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  136 S. Ct. 1923 (2016) ...................................................................................18, 19, 20

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) ...........................................................................4, 16, 17

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
  869 F.3d 1372 (Fed. Cir. 2017) ...................................................................................5

*Joy Techs., Inc. v. Flakt, Inc.*,
  6 F.3d 770 (Fed. Cir. 1993) ...................................................................................12

*Lyda v. CBS Corp.*,
  838 F.3d 1331 (Fed. Cir. 2016) ...................................................................................11

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
  420 F.3d 1369 (Fed. Cir. 2005) ...................................................................................14

*Monolithic Power Sys., Inc. v. Silergy Corp.*,
  127 F. Supp. 3d 1071 (N.D. Cal. 2015) ......................................................................18

*Motion Games v. Nintendo Co.*,
  No. 6:12-cv-878-LED-JDL, 2014 WL 11619163 (E.D. Tex. Mar. 7, 2014)...................16, 17

*Muniauction, Inc. v. Thomson Corp.*,
  532 F.3d 1318 (Fed. Cir. 2008) ...................................................................................11

*Nalco Co. v. Chem-Mod, LLC*,
  883 F.3d 1337 (Fed. Cir. 2018) ...................................................................................14

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
  No. 6:13-cv-384-LED-JDL, 2014 WL 12378807 (E.D. Tex. Mar. 5, 2014)...................15, 16

*Opticurrent, LLC v. Power Integrations, Inc.*,
  No. 2:16-cv-325-JRG, Dkt. 34, slip. op. (E.D. Tex. Oct. 19, 2016) ..........................19

*Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*,
  No. 6:11-cv-229-LED-JDL, 2012 U.S. Dist. LEXIS 114199 (E.D. Tex. July
  27, 2012) ...................................................................................7

*Round Rock Research, LLC v. Oracle Corp.*,
  No. 4:11-cv-332-JMS-JAM, 2011 WL 11761563 (E.D. Tex. October 25,
  2011) (Mazzant, J.) ...................................................................................6, 12

*Ruby Sands LLC v. Am. Nat'l Bank of Texas*,
  No. 2:15-cv-1955-JRG, 2016 WL 3542430 (E.D. Tex. June 28, 2016)......................4, 5, 12

*Tierra Intelectual Borinquen, Inc. v. ASUS Comp. Int'l, Inc.*,
    No. 2:13-cv-44-JRG, 2014 WL 1233040 (E.D. Tex. Mar. 24, 2014)......................................13

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
    No. 6:12-cv-366-MHS-JDL, 2013 WL 8482270 (E.D. Tex. Mar. 6, 2013).....................15, 18

*Uniloc USA, Inc. v. Avaya, Inc.*,
    No. 6:15-cv-1168-JRG, 2016 WL 7042236 (E.D. Tex. May 13, 2016) ..............................6, 7

*Varian Medical Sys., Inc. v. Elekta AB*,
    No. 1:15-cv-871-LPS, 2016 WL 3748772 (D. Del. Jul. 12, 2016)........................................18

*Vita-Mix Corp. v. Basic Holdings, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009)................................................................................................17

## STATUTES

35 U.S.C. § 271(a) ............................................................................................................................2, 5

35 U.S.C. § 271(b) ..........................................................................................................................2, 13

35 U.S.C. § 271(c) ...................................................................................................................2, 15, 17

## OTHER AUTHORITIES

Fed. R. Civ. P. 8 .................................................................................................................................4

Fed. R. Civ. P. 12(b)(6).........................................................................................................1, 11, 17

Fed. R. Civ. P. 84 ............................................................................................................................1, 5

Defendants Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (collectively, "Samsung") respectfully move this Court to dismiss with prejudice the Original Complaint for Patent Infringement filed by Plaintiff American Patents LLC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Broad swaths of Plaintiff's allegations are conclusory, and therefore not entitled to a presumption of veracity.  To the extent factual allegations are included, they do not plausibly establish a right to relief.  For example, Plaintiff's purported support for its counts of direct infringement of certain patents identifies only software and hardware made and sold by third party Google that is not part of any Samsung accused product.  Under the Supreme Court's guidance on pleadings, the Complaint should be dismissed.

## I.    INTRODUCTION

Plaintiff's Complaint is a threadbare pleading proscribed by *Twombly* and *Iqbal*.  The Complaint accuses Samsung of infringing five patents, and purports to make claims for (1) direct infringement, (2) induced infringement, (3) contributory infringement, and (4) willful infringement.  However, Plaintiff does not specify the Samsung products or functionality that purportedly meet the limitations of the asserted patents.  Indeed, a primary focus of the Complaint is on *third-party* products, for which Samsung cannot be liable.  Also entirely lacking are allegations that support the requisite knowledge/intent for the indirect and willful infringement claims.  The Complaint consists mostly of boilerplate language and conclusory infringement allegations that merely repeat the text of the asserted claims.  While it does include a handful of images and website citations, the Complaint barely mentions how these images or links relate to the elements of any claims.  In short, the Complaint sets forth barebone legal conclusions (which are not entitled to a presumption of veracity) and does not allege facts sufficient to satisfy the *Twombly/Iqbal* pleading standard.  Samsung respectfully requests the

Court to dismiss the Complaint in its entirety, and where the Court deems appropriate, with prejudice.

## II.    STATEMENT OF THE ISSUES

1.     Whether Plaintiff's Complaint is sufficient to establish a facially plausible claim that Samsung *directly* infringes the asserted patents under 35 U.S.C. § 271(a) where the Complaint's allegations are merely conclusory and/or are directed to third-party software and hardware not made or sold by Samsung.

2.     Whether Plaintiff's Complaint is sufficient to establish a facially plausible claim that Samsung *induces* infringement of the asserted patents under 35 U.S.C. § 271(b) where the Complaint does not allege pre-suit knowledge of any asserted patent or set forth any facts to support the bare assertion that Samsung intends to induce infringement by third parties.

3.     Whether Plaintiff's Complaint is sufficient to establish a facially plausible claim that Samsung *contributorily* infringes the asserted patents under 35 U.S.C. § 271(c) where the Complaint does not allege pre-suit knowledge of any asserted patent or set forth any facts to support the bare assertions that the accused products are incapable of any non-infringing use and that Samsung knows its actions caused infringement by third parties.

4.     Whether Plaintiff's Complaint is sufficient to establish a facially plausible claim that Samsung's alleged infringement has been *willful* where the Complaint does not allege pre-suit knowledge of any asserted patent or set forth any facts to support the bare assertion that Samsung's alleged infringement was "willful, intentional, deliberate, and/or in conscious disregard of American Patents' rights under the patents."

## III.   FACTUAL BACKGROUND

Plaintiff's Complaint generally alleges direct, induced, and contributory infringement of five patents—U.S. Patent Nos. 7,373,655 (the "'655 Patent"), 7,934,090 (the "'090 Patent"),

8,668,584 (the "'584 Patent"), 9,116,543 (the "'543 Patent), and 9,606,674 (the "'674 Patent") (collectively, the "Asserted Patents" or the "patents-in-suit").  Dkt. 1 (hereinafter, "Complaint"), at ¶¶ 14-76.  Plaintiff also alleges, in a single, conclusory sentence, that Samsung's alleged infringement of each patent has been willful.  *Id.* at ¶ 75.

The five Asserted Patents consist of patents from two distinct patent families.  The '655 and the '090 Patents (collectively, the "Network Patents") are each titled, "System for Securing Inbound and Outbound Data Packet Flow in a Computer Network" and share a common specification.  The '584, '543, and '674 Patents (collectively, the "Virtual Input Patents") are each titled, "Virtual Input System" and share a common specification.

The Complaint consists almost entirely of conclusory allegations.  For example, the Complaint purports to allege infringement of "at least Claim 5" of the '655 Patent and "at least Claim 1" of each of the remaining Asserted Patents.  Complaint at ¶¶ 17, 29, 40, 51, 62.  The Complaint then merely states as support for these assertions that "[t]he methods practiced by the accused products include [recitation of the claim language]" or "[t]he accused products include [recitation of the claim language]."  *Id.* at ¶¶ 19-22, 31-33, 42-44, 53-55, 64-66.  The Complaint includes a handful of images with corresponding URLs but does not explain how these images or citations relate to the claim limitations.  In fact, many of the images and URLs describe ***third-party*** hardware and software, without any mention of Samsung or the allegedly accused products.  *See, e.g.*, *id.* at ¶¶ 20 (citing URL with instructions on how to set up a Google Chromecast using the Google Home app); 21 (citing URL to purchase Google Chromecast device).  The Complaint also is replete with boilerplate recitations of the legal elements of indirect infringement and willful infringement, supported only by conclusory allegations.  *Id.* at ¶¶ 70-75.

3

## IV.     LEGAL STANDARD FOR DISMISSAL

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  The standard set forth in *Twombly* and *Iqbal* applies to claims of indirect infringement, willful infringement and direct infringement, and requires the complaint to meet a particular pleading threshold.  *See, e.g.*, *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012); *Ruby Sands LLC v. Am. Nat'l Bank of Texas*, No. 2:15-cv-1955-JRG, 2016 WL 3542430, at *2 (E.D. Tex. June 28, 2016).

Thus, the Supreme Court's guidance calls for a two-step analysis of pleadings.  First, conclusory allegations should be singled out and ignored for assessing pleading sufficiency.  And second, the remaining allegations must make out a plausible entitlement for relief.  "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

4

## V.    ARGUMENT

### A.    Plaintiff's Claims of Direct Infringement Should be Dismissed

Plaintiff's allegations of direct infringement are deficient for multiple reasons.  Chief among those: the Complaint lacks the required specificity in tying Samsung's products or functionality to the asserted patent claims.  In fact, the allegations focus largely on Google's products, not Samsung's products.

The standards of *Iqbal* and *Twombly* control the determination of the adequacy of pleading claims of direct infringement.  *See, e.g., Ruby Sands,* 2016 WL 3542430, at *2 ("Given the abrogation of Rule 84, Form 18 no longer provides a safe harbor for direct infringement claims.").  Thus, "a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant 'without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent.'"  *Id*. (quoting 35 U.S.C. § 271(a)).  Plaintiff's Complaint fails to meet that standard.

1.    Plaintiff fails to plead facts sufficient to provide notice of which Samsung activity allegedly directly infringes the Asserted Patents

Plaintiff's Complaint does not specify what Samsung functionality allegedly infringes, and therefore fails to meet the minimum requirement that a complaint "place the alleged infringer 'on notice of what activity . . . is being accused of infringement.'"  *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal citation omitted); *Core Wireless Licensing S.A.R.L. v. Apple Inc*., No. 6:14-cv-752-JRG-JDL, 2015 WL 4910427, at *3 (E.D. Tex. Aug. 14, 2015) (patentee must plead "facts sufficient to place the alleged infringer on notice as to what he must defend.").  In contrast to the types of allegations found in this District and the Federal Circuit to be sufficient—the Complaint provides no meaningful notice of where, when, and by whom the alleged infringement occurred, or what features or functionality of Samsung's

products allegedly infringe the Asserted Patents. Plaintiff's allegations here are devoid of such specifics.

For example, in *Uniloc USA v. Avaya*, the court found factual allegations sufficient where plaintiff "identified with specificity representative claims from each patent-in-suit that are allegedly infringed" and "further identified by name the accused products, described the accused functionality within these products, and provided descriptive illustrations of these products and the accused functionality." *Uniloc USA, Inc. v. Avaya, Inc.*, No. 6:15-cv-1168-JRG, 2016 WL 7042236, at *4 (E.D. Tex. May 13, 2016). In contrast, Plaintiff's Complaint is silent (or obtuse at best) as to what functionality of the accused Samsung products is alleged to infringe. For instance, as to the Network Patents, under Count I (infringement of the '655 Patent), the Complaint purports to allege that certain Samsung smartphones, "for example its Galaxy S series of products," infringe. Complaint at ¶ 16.[1] The Complaint then purports to address the limitations of claim 5 of the '655 Patent, paragraph-by-paragraph, but only repeats the claim language. *Id.* at ¶¶ 19-22. Moreover, Plaintiff cites only to documents related to third party Google's hardware (a Google Chromecast device) and software (the Google Home app), which is neither made nor sold by Samsung, and says nothing about Samsung's Galaxy S products. *Id.*; *see also id.* at ¶¶ 28-33 (same, for the '090 Patent, Count II).

---

[1] At a minimum, the Court should dismiss the Complaint to the extent it purports to allege infringement based on unnamed products. The Complaint identifies the "accused products" as including "for example [Samsung's] Galaxy S series of products" for each Asserted Patent. Complaint at ¶¶ 16, 28, 39, 50, 61. Plaintiff's Complaint thus does not properly state a claim as to any products other than the Galaxy S series of products. *Round Rock Research, LLC v. Oracle Corp.*, No. 4:11-cv-332-JMS-JAM, 2011 WL 11761563, at *3 (E.D. Tex. October 25, 2011) (finding complaint fails to state a claim for unspecified products because "Plaintiff's inclusion of the language 'including, but not limited to,' fails to inform Defendants of other products that might be accused of infringement.") (Mazzant, J.).

Further, the claims of the Asserted Patents are the type of nebulous computer software method claims that demand a higher degree of pleading specificity.  "Cases involving tangible inventions and relatively straightforward claims may require less detail to state a claim and provide fair notice to the accused infringer.  In contrast, 'cases involving more nebulous, less tangible inventions such as computer software methods may require a higher degree of specificity to provide proper notice to the defendant.'"  *Uniloc,* 2016 WL 7042236, at *3 (quoting *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-229-LED-JDL, 2012 U.S. Dist. LEXIS 114199, at *13 (E.D. Tex. July 27, 2012)).

Claim 5 of the '655 Patent (identified in the Complaint as representative, *see* Complaint at ¶ 17) is a perfect example of the type of claims courts have found requires more pleading specificity:

> 5. A method comprising:
>
> arranging a ***network element*** in a ***network***, the network element being pre-authorized to access a set of ***network resources***;
>
> receiving, at the network element, a request from ***a user*** to connect to the network element;
>
> determining whether the user is authorized to connect to the network element;
>
> if so, allowing the user to assume the identity of the network element; and
>
> accessing, by the user, one of the set of network resources that the network element is pre-authorized to access, ***based on the user's assuming the identity of the network element***.

'655 Patent, cl. 5 (emphasis added).  Particularly when judged by the heightened pleading requirement, the Complaint is not sufficient to provide notice of what or who satisfies any of these nebulous limitations.  Again, the Complaint resorts to simply repeating the claim language, alleging, for each method step, that "[t]he methods practiced by the accused products include

7

[the claim language of each step, paraphrased]."  Complaint at ¶¶ 16-22, 28-33.  The only "accused products" identified by category are Samsung's smartphone "Galaxy S series of products."[2]  *Id.* at ¶ 16.  Yet under the "receiving" and "determining" steps, the Complaint cites to webpages of instructions on how to set up a Google Chromecast device using the Google Home app, without explaining how those third-party products relate to either the accused Samsung smartphones or the claim limitations.  *Id.* at ¶¶ 20-21; *see also id.* at ¶¶ 28, 31-32 (making similar conclusory statements and citing the same documents for the '090 Patent).  The Complaint does not identify the alleged "network," "network element," "network resources," or "user" who accesses the network resources based on "assuming the identity of the network element."

Plaintiff's allegations regarding the Virtual Input Patents similarly fail to explain how the elements of any claim are met by the accused products.  As was done with the Network Patents, the Complaint merely parrots the claim language and pastes images and URLs purportedly describing Samsung's Galaxy S products without ever explaining how those images or citations relate to the claim limitations.  Complaint at ¶¶ 42-44, 53-55, 64-66.  Tellingly, Plaintiff pastes the same images and URLs under the limitations of three different representative claims with different limitations.  *Id.*  Plaintiff's "[t]hreadbare recitals of the elements" and "conclusory statements" are insufficient to support a direct infringement claim.  *Iqbal*, 556 U.S. at 678 ("[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[2] Samsung assumes that Plaintiff's use of the phrase "Galaxy S series of products" refers to Samsung's Galaxy S smartphone products.  However, due to the vague nature of the complaint, it is not clear which Samsung products fall within this stated category.  To the extent Plaintiff intended to accuse devices other than smartphones, such as tablets, the arguments herein apply equally to all such devices.

of action will not do.').   Accordingly, Plaintiff's complaint with respect to the direct infringement claims should be dismissed.

> 2.   Plaintiff does not allege that the accused Samsung products are sold with the allegedly infringing third-party apps and hardware installed as required to plead direct infringement

Plaintiff accuses the functionality supposedly found in *third-party* apps and *third-party* hardware of directly infringing the Network Patents, but does not allege that Samsung makes, uses, sells, offers to sell, or imports the third-party apps or hardware.  Nor does Plaintiff allege that the third-party apps or hardware are included on or with the accused smartphones when they are sold.  In short, the Complaint does not set forth any basis for the allegation that *Samsung's* products infringe the Network Patents.

The Complaint identifies the accused products for the Network Patents as, "products and/or systems that allow for initiation and/or control of Internet streamed content including, for example its Galaxy S series of products ('accused products')."  Complaint at ¶¶ 16, 28.  The Complaint appears to allege that the accused smartphones infringe by running a third-party app ("Google Home") while also communicating with a third-party device (the Google "Chromecast").

For example, the Complaint states that the "methods practiced by the accused products include receiving, at the network element, a request from a user to connect to the network element" (the second limitation of claim 5 of the '655 Patent) followed by a partial screenshot and citation to a website (hosted by third-party Google at https://support.google.com), which provides instructions to "Set up your Chromecast device."  Complaint at ¶ 20; *see also id.* at ¶ 31.  Although the screenshot is only a partial excerpt, clicking the link reveals a list of "[w]hat you need to get started," which includes "[a] *Chromecast device*" and the "Latest version of the *Google Home app*."  *See* Ex. 1 (https://support.google.com/chromecast/answer/2998456?co=

GENIE.Platform%3DAndroid&oco=1, *retrieved* Dec. 13, 2018) (emphasis added).  Indeed, the screenshot excerpted on pages 6 and 10 of the Complaint includes the first step of "[o]pen[ing] the Google Home app" as well as an indication that "the Google Home app scans for nearby [Chromecast] devices."  Complaint at ¶¶ 20, 31.  Clicking the links within the cited web page further reveals that the Google Home app is authored by Google LLC and made available, for free, via Google Play.  *See* Ex. 2 (https://play.google.com/store/apps/details?id=com.google.android.apps.chromecast.app, *retrieved* Dec. 13, 2018, by clicking the first link in Ex. 1).  The Complaint does not allege any connection between Samsung and the identified Google device and app.  To state the obvious:  Samsung is not Google.

As another example, the Complaint states that the "methods practiced by the accused products include determining whether a user is authorized to connect to the network element and, if so, allowing the user to assume the identity of the network element," (the third limitation of claim 5 of the '655 Patent).  That recitation of the claim is followed by a screenshot from and a link to https://store.google.com/product/chromecast_2015, which points to the Google Store website where users can purchase Chromecast devices, from Google, for $35.  *See* Complaint at ¶¶ 21, 32.  Again, there is no allegation of any connection between Samsung and the Google products.  For example, Plaintiff does not allege that Samsung preinstalls Google Home on any Galaxy S smartphone or that Samsung sells Google Chromecast devices.

In fact, none of Samsung's Galaxy S smartphones, made or sold by Samsung, are pre-loaded with the Google Home application.  If a user wants to use Google Home, he or she must download and install the app after purchasing the smartphone.  Likewise, as can be seen from an inspection of the website cited in Plaintiff's Complaint, Chromecast devices are made and sold

separately by Google.   Put simply, Plaintiff's Counts I and II do not plausibly allege that Samsung directly infringes the claims of the Network Patents, *i.e.*, the '655 and '090 Patents.

3. <u>The Complaint does not plausibly allege that Samsung has committed an act that infringes the asserted method claims of the Network Patents</u>

Plaintiff's allegations of direct infringement as to the Network Patents are defective because Plaintiff fails to allege, in any respect, that Samsung practices all steps of the claimed methods either directly or under its direction and control.[3]  *Desenberg v. Google, Inc*., 392 Fed. Appx. 868, 871 (Fed. Cir. 2010) (citing *BMC Resources v. Paymentech, L.P.*, 498 F.3d 1373, 1380-81 (Fed. Cir. 2007) and *Muniauction, Inc. v. Thomson Corp*., 532 F.3d 1318, 1329 (Fed. Cir. 2008)).

Plaintiff merely alleges that Samsung "made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that allow for initiation and/or control of Internet streamed content including, for example its Galaxy S series of products ('accused products')" and that "[b]y doing so," Samsung has infringed "at least" Claim 5 of the '655 Patent and "at least" Claim 1 of the '090 Patent, both of which are method claims.  Complaint at ¶¶ 16-17, 28-29 (emphasis added).

It is well-established that method claims cannot be directly infringed by making, offering to sell, selling, or importing a product configured to perform the method; rather, all steps of a method claim must actually be performed in order to be infringed.  *See, e.g., Desenberg,* 392

---

[3] Although it is not alleged in the Complaint, to the extent that Plaintiff argues that users downloading the Google Home app are somehow acting in concert with Samsung to infringe the '655 and '090 Patents, the Complaint is devoid of any allegations of joint infringement which requires "facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercise the requisite 'direction or control' over the others' performance or (2) the actors from a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda v. CBS Corp*., 838 F.3d 1331, 1339 (Fed. Cir. 2016) (citing *Akamai Techs., Inc. v. Limelight Networks, Inc*., 797 F.3d 1020, 1022 (Fed. Cir. 2015) (*en banc*)).

11

Fed. Appx. 868, 871 (affirming dismissal of patentee's complaint under Rule 12(b)(6)—
"[Defendant] could not be a direct infringer because [defendant] did not perform, or direct or
control the performance of, all steps of the claimed method."); *Round Rock Research,* 2011 WL
11761563, at *4, *5 (stating that "to the extent that Plaintiff alleges direct infringement of a
method claim by making, selling, offering for sale, and/or importing by [Defendant], these
allegations should be dismissed" and dismissing "with no opportunity to replead.") (Mazzant, J.);
*Ericsson, Inc. v. D-Link Systems, Inc*., 773 F.3d 1201, 1221-22 (Fed. Cir. 2014) ("none of our
decisions have found direct infringement of a method claim by sales of an end user product
which performs the entire method.").

Plaintiff does not allege that Samsung actually practices each step of the claimed
methods.  Instead, Plaintiff vaguely avers that "Samsung has infringed the '655 Patent by
making, having made, using, importing, providing, supplying, distributing, selling or offering for
sale systems utilizing a method."  Complaint at ¶18, 30 (emphasis added).  Plaintiff then
proceeds to summarily state, for each claim limitation, that "[t]he methods practiced by the
accused products include [the claim language of each limitation, paraphrased]." *Id.* at ¶¶ 16-22,
28-33 (emphasis added).  In other words, even assuming all facts pled in the Complaint are true,
Plaintiff has at best alleged that the accused products are capable of practicing the claimed
methods (apparently in connection with other third-party software and hardware), but has not
made any factual allegations that Samsung practices each step of those claimed methods.  Given
the very terms of these patent claims and the dependence of Plaintiff's allegations on third-party
products, Plaintiff cannot credibly allege that Samsung direct infringes.  Accordingly, Plaintiff's
direct infringement pleadings are "constructed upon a fatally flawed foundation"; as such, it is

not possible to plausibly infer direct infringement of the Network Patents based on the facts pled in the Complaint. *Ruby Sands,* 2016 WL 3542430, at *4.

### B. Plaintiff's Claims of Indirect Infringement Should be Dismissed

#### 1. Plaintiff does not sufficiently plead any underlying acts of direct infringement which is required to support indirect infringement

Because Plaintiff's conclusory direct infringement allegations are not sufficiently pled, the predicate for indirect infringement is missing. As a result, the indirect infringement claims can be dismissed without additional analysis. *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993) ("Liability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement.").

#### 2. Plaintiff does not plead any pre-suit knowledge of the asserted patents

Plaintiff's indirect infringement allegations are missing the critical knowledge element. Without an assertion that Samsung had the requisite knowledge *before* infringement, the indirect infringement allegations must fail. Plaintiff alleges that the indirect infringement occurred prior to the filing of the suit. *See, e.g., id.* at ¶¶ 70-72 (focusing on past tense allegations: "Samsung has also indirectly infringed"; "Samsung performed these steps, which constitute induced infringement, with the knowledge of the [Asserted Patents]"). But there is no assertion that Samsung had pre-suit knowledge of any alleged infringement. Complaint at ¶¶ 23, 34, 45, 56, 67. The law is clear: Samsung cannot be liable for indirect infringement based on conduct that occurred before its knowledge of the Asserted Patents. *See Tierra Intelectual Borinquen, Inc. v. ASUS Comp. Int'l, Inc.*, No. 2:13-cv-44-JRG, 2014 WL 1233040, at *2 (E.D. Tex. Mar. 24, 2014). Accordingly, the allegations of pre-suit indirect infringement should be dismissed.

3.    Plaintiff does not adequately plead the remaining elements of induced infringement

The Complaint also falls short by failing to sufficiently allege the intent required to support Plaintiff's claim for ongoing induced infringement.  Induced infringement under 35 U.S.C. § 271(b) requires showing "first that there has been direct infringement and second, that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp*., 420 F.3d 1369, 1378 (Fed. Cir. 2005) (internal quotations and citation omitted).  "[L]iability for inducing infringement attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'" *Commil USA, LLC v. Cisco Systems, Inc*., 135 S. Ct. 1920, 1926 (2015) (quoting *Global–Tech Appliances, Inc. v. SEB S.A*., 563 U.S. 754, 131 S. Ct. 2060, 2068 (2011)).

The intent required for induced infringement is the intent to "'bring about the desired result,' which is infringement." *Commil*, 135 S. Ct. at 1928.  Thus, "for an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer [Samsung] 'specifically intended (another party) to infringe (the patent) and knew that the (other party's) acts constituted infringement." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018).

Here, the Complaint's sole allegation regarding the intent requirement—which the Complaint addresses for all patents-in-suit collectively—consists of a conclusory and unsupported statement that Samsung "took active steps … with the specific intent to cause [others] to use the accused products" in an infringing manner.  Complaint at ¶¶ 70, 71.  At most, the Complaint concludes that Samsung had the intent to cause another party to infringe the patents, but importantly, it does not allege facts from which such a conclusion could plausibly be

14

inferred.   The "active steps" purportedly evidencing specific intent—e.g., advertising and promoting the accused products and distributing instructions—are nothing more than ordinary sales and marketing activities.  *See id.*

Plaintiff's allegations regarding specific intent are of the same variety that have been found wanting in other cases in this District.  *See, e.g., Core Wireless*, 2015 WL 4910427, at *4 (finding allegation of "provid[ing] instructive materials and information concerning operation and use of accused products" insufficient to plead specific intent); *Norman IP Holdings, LLC v. TP-Link Techs., Co*., No. 6:13-cv-384-LED-JDL, 2014 WL 12378807, at *3 (E.D. Tex. Mar. 5, 2014) (allegation that Toyota induced infringement of patents by "provid[ing] related services, specifications, and instructions for the installation and infringing operation of" the accused systems too conclusory to state a claim), *report and recommendation adopted*, 2014 WL 12482615 (E.D. Tex. Mar. 31, 2014); *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc*., No. 6:12-cv-366-MHS-JDL, 2013 WL 8482270, at *4 (E.D. Tex. Mar. 6, 2013) (dismissing inducement claim because allegations that "Yamaha 'supplies' infringing systems and components and provides 'instructions' to its customers who allegedly infringe do not create a reasonable inference of inducement.").

Simply put, Plaintiff does not allege any facts that establish a "plausible inference that [Samsung] had the specific intent to induce its customers' actions, and knowledge that those actions amounted to infringement."  *Core Wireless*, 2015 WL 4910427, at *4.  Plaintiff's claim for induced infringement as to all patents-in-suit must be dismissed.

4.   <u>Plaintiff does not adequately plead the remaining elements of contributory infringement; the allegations do not credibly assert the absence of non-infringing uses</u>

Plaintiff's claims for ongoing contributory infringement—like its claims of induced infringement—are vague, formulaic and lack supporting factual allegations.  Specifically missing

are sufficiently particular allegations that there are no substantial non-infringing uses of the accused products.

Contributory infringement under 35 U.S.C. § 271(c) "occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party, to be especially made or especially adapted for use in an infringement of such patent.'" *Bill of Lading*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (citations omitted).  Like induced infringement, contributory infringement requires the defendant to have knowledge of the patent-in-suit and knowledge that his activity caused patent infringement.  *Commil*, 135 S. Ct. at 1926.

Plaintiff merely states the legal conclusions that "Samsung has contributed to the direct infringement of the [Asserted Patents]," that the "accused products have special features that are designed to be used in an infringing way and have no substantial uses other than ones that infringe," and that the "special features constitute a material part of the invention of one or more of the claims of the [Asserted Patents]."  Complaint at ¶ 73.  Plaintiff's boilerplate averments of the elements of contributory infringement fail to provide any factual allegations from which the Court may draw an inference against Samsung that the accused products have no substantial non-infringing uses.  *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action . . . do not suffice.").

Courts in this District have repeatedly rejected such bald allegations as providing insufficient factual support.  *See, e.g.*, *Cellular Commc'ns Equip. LLC v. HTC Corp.*, No. 6:13-cv-507-LED, 2015 WL 11118110, at *5 (E.D. Tex. Mar. 27, 2015) ("Plaintiff's allegations do

not support a plausible inference that the accused devices or components thereof cannot be used for any other purpose than infringement."); *Motion Games v. Nintendo Co.*, No. 6:12-cv-878-LED-JDL, 2014 WL 11619163, at *6 (E.D. Tex. Mar. 7, 2014) (dismissing allegation where "[t]he complaint is further devoid of any allegation from which the Court can plausibly infer that the software has no substantial non-infringing uses") *report and recommendation adopted*, 2014 WL 11538104 (E.D. Tex. Mar. 27, 2014); *Norman IP*, 2014 WL 12378807, at *4 (dismissing contributory infringement allegation where "[t]he extent of Norman's relevant allegation is that 'the infringing controllers have no substantial non-infringing uses'" because "Norman has provided no factual support that would allow this Court 'to draw [a] reasonable inference that [Crestron] is liable for the misconduct alleged'") (internal citations omitted); *see also Core Wireless*, 2015 WL 4910427, at *5 ("[W]ith such a lack of clarity and specificity, it is impossible to derive a plausible inference that the accused hardware/software has no substantial non-infringing uses.").

Furthermore, "in the context of a claim of contributory infringement under § 271(c), a substantial non-infringing use is any use that is 'not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.'" *In re Bill of Lading*, 681 F.3d at 1337 (quoting *Vita-Mix Corp. v. Basic Holdings, Inc.*, 581 F.3d 1317, 1327-29 (Fed. Cir. 2009)). Therefore, "[f]or purposes of contributory infringement, the inquiry focuses on whether the accused products can be used for purposes *other than* infringement," and not on whether the accused products would be infringing if they were used to perform the patented method. *Id.* at 1338 (emphasis in original).

Of course, the Court need only rely on its "own judicial experience and common sense," *Iqbal*, 556 U.S. at 679, to conclude that the accused Samsung smartphones are capable of a

17

plethora of substantial non-infringing uses, such as making phone calls.  Plaintiff's unsupported conclusion that there are no substantial non-infringing uses for the accused products (the Galaxy S smartphones) is insufficient to state a claim under Rule 12(b)(6).  *See, e.g.*, *Motion Games*, 2014 WL 11619163, at *6 (dismissing a contributory infringement claim that stated only the conclusory allegation that Defendant's accused products "do not have substantial non-infringing uses").

## C.   Plaintiff's Claims of Willful Infringement Should be Dismissed

Willful patent infringement is viewed in the law as an egregious act and, as such, it must be specifically supported and pleaded with more than mere conclusory statements.  "[C]laims for … willful infringement must be judged by the pleading standards articulated in *Twombly* and *Iqbal*."  *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-cv-366 MHS-JDL, 2013 WL 8482270, at *3 (E.D. Tex. Mar. 6, 2013).  A willful infringement claim requires that the alleged infringer engaged in "egregious … misconduct beyond typical infringement."  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016).  Egregious conduct "can be described as 'willful, wanton, malicious bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate.'"  *Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*, No. 2:15-cv-1274-JRG-RSP, 2016 WL 4778699, at *2 (E.D. Tex. Aug. 19, 2016) (quoting *Halo*, 136 S. Ct. at 1932), *report and recommendation adopted*, No. 2:15-cv-1274-JRG-RSP, 2016 WL 4771291 (E.D. Tex. Sept. 13, 2016).

The Court should dismiss Plaintiff's willful infringement claims because Plaintiff has not pled facts that would allow any inference—let alone a plausible inference—that Samsung engaged in egregious conduct.  The Complaint merely contains a single, boilerplate recital that:

> Samsung's direct and indirect infringement of the '655 Patent, the '090 Patent, the '584 Patent, the '543 Patent, and the '674 Patent is, has been,

> and continues to be willful, intentional, deliberate, and/or in conscious
> disregard of American Patents' rights under the patents.

Complaint at ¶ 75.

This conclusory allegation does not plead any facts from which it is possible to plausibly infer any conduct that is "willful, wanton, malicious bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo*, 136 S. Ct. at 1932. In other words, this boilerplate statement does not "allow a trier of fact to conclude that [a defendant] acted with a level of intent that is more culpable than the typical infringer." *Monolithic Power Sys., Inc. v. Silergy Corp.*, 127 F. Supp. 3d 1071, 1077 (N.D. Cal. 2015) (granting motion to dismiss willful infringement claims); *see also Varian Medical Sys., Inc. v. Elekta AB*, No. 1:15-cv-871-LPS, 2016 WL 3748772, at *8 (D. Del. Jul. 12, 2016) (dismissing claims because the complaint did not sufficiently articulate how "making, using or offering for sale [the accused products] actually amount[s] to an egregious case of infringement"), *report and recommendation adopted*, No. 1:15-cv-871-LPS, 2016 WL 9307500 (D. Del. Dec. 23, 2016).

Furthermore, Plaintiff is required to ground willful infringement claims in pre-filing conduct; "pre-suit knowledge of the asserted patent is generally required to maintain a claim of willfulness." *Opticurrent, LLC v. Power Integrations, Inc*., No. 2:16-cv-325-JRG, Dkt. 34, slip. op. at 3 (E.D. Tex. Oct. 19, 2016); *see also Bush Seismic Techs., LLC v. Global Geophysical Servs., Inc*., No. 2:15-cv-1809-JRG, Dkt. 44, slip op. at 4-5 (E.D. Tex. Apr. 13, 2016) (finding that willful infringement claims "grounded exclusively in conduct occurring as of and after the filing of its complaint" had not been sufficiently pled and could not survive a motion to dismiss, in part because, at the time of filing, plaintiffs are "required to have a good faith basis for alleging willful [] infringement"). While mere knowledge of a patent is not enough to support an

allegation of willfulness, *Halo*, 136 S. Ct. at 1933, Plaintiff does not even allege any pre-suit awareness.  *See* Complaint at ¶¶ 23, 34, 45, 56, 67.

Plaintiff makes naked assertions about Samsung's practices that fall short of adequately pleading a claim for willful infringement.  Plaintiff alleges that Samsung "has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of American Patents' patent rights" and that "Samsung's actions are at least objectively reckless as to the risk of infringing valid patents and this objective risk was either known or should have been known by Samsung."  Complaint at ¶¶ 73-74.  Even if true, Plaintiff's bald assertions—pled without any supporting facts—cannot support an inference that Samsung harbored the culpable intent required for willful infringement. Willful blindness, alone, is not sufficient for the egregious behavior required to support willful infringement.  *See Ansell Healthcare Prods. LLC v. Reckitt Benckiser LLC*, No. 15-cv-915-RGA, 2018 WL 620968, at *7 (D. Del. Jan. 30, 2018) ("Because a party's pre-suit knowledge of a patent is not by itself sufficient to show egregious behavior, willful blindness is also not sufficient").

The absence of any support for an allegation of pre-suit knowledge, coupled with Plaintiff's failure to even allege (much less support) that Samsung's conduct was "willful, wanton, malicious bad-faith, deliberate, consciously wrongful, flagrant, or—indeed— characteristic of a pirate" compels dismissal of Plaintiff's willful infringement allegations.  *Halo*, 136 S. Ct. at 1932; *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd*., No. 2:15-cv-11-RSP, 2017 WL 5137401, at *5 (E.D. Tex. Nov. 4, 2017) ("As this Court has recognized knowledge of an asserted patent, without more, cannot justify enhanced damages under the *Halo* standard. . . [C]ulpable conduct is required, but the culpable conduct must be egregious, i.e., outrageous or

shocking.") (citation omitted).   Plaintiff fails to allege any facts suggesting that Samsung's conduct was willful in any way.

## VI.    CONCLUSION

Plaintiffs' direct infringement claims should be dismissed for failure to provide sufficient details of the way in which Samsung's products allegedly infringe.   The direct infringement claims also should be dismissed because they depend upon the alleged functionality of *third-party* (not Samsung) products.   Following the *Twombly/Iqbal* construct, eliminating Plaintiff's conclusory statements about direct infringement leaves not enough to plausibly support a claim for relief.

Plaintiff's indirect infringement claims should be dismissed because:  (1) the underlying predicate of direct infringement is missing; (2) the pre-suit indirect infringement allegations are not supported by sufficient allegations of the requisite Samsung knowledge; (3) missing are sufficient allegations of Samsung's specific intent to induce infringement; and (4) Plaintiff has not sufficiently alleged the absence of substantial non-infringing uses.

Finally, Plaintiff's willful infringement allegations should be dismissed because they entirely fail to assert a basis for plausibly concluding that Samsung has the requisite pre-suit knowledge to support a charge of willful infringement, and also for failing to assert facts from which it can be plausibly inferred that Samsung engaged in egregious acts of infringement.

For the foregoing reasons, Samsung respectfully requests that the Court grant its motion to dismiss the Plaintiff's Complaint in its entirety, and where appropriate with prejudice.

Dated: December 27, 2018

Respectfully submitted,

_/s/ Neil P. Sirota_ _____

SANDERS, MOTLEY, YOUNG
& GALLARDO

Roger D. Sanders
roger.sanders@somlaw.net
J. Michael Young
michael.young@somlaw.net
111 South Travis Street
Sherman, Texas 75090
(903) 892-9133

BAKER BOTTS LLP

Timothy S. Durst
tim.durst@bakerbotts.com
2001 Ross Avenue
Dallas, TX 75201
(214) 953-6500

Neil P. Sirota
neil.sirota@bakerbotts.com
Robert L. Maier
robert.maier@bakerbotts.com
Michael E. Knierim
michael.knierim@bakerbotts.com
30 Rockefeller Plaza, 44th Floor
New York, NY 10112
(212) 408-2500

**Attorneys for Defendants
Samsung Electronics America, Inc. and
Samsung Electronics Co., Ltd.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 27, 2018.

*/s/  Neil P. Sirota*          
Neil P. Sirota
