# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **AMERICAN PATENTS LLC,** | § | |
| | § | |
| *Plaintiff,* | § | Civil Case No. 4:18-cv-00674-ALM |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| **SAMSUNG ELECTRONICS** | § | |
| **AMERICA, INC.,** *et al.*, | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## SAMSUNG ELECTRONICS AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendant/Counter-Plaintiff, Samsung Electronics America, Inc. ("SEA") and Samsung Electronics Co., Ltd. ("SEC") (collectively, "Samsung"), hereby submits its Answer to the Original Complaint filed September 24, 2018 ("Complaint") of Plaintiff/Counter-Defendant American Patents LLC ("American Patents").  Samsung responds to each paragraph of the Complaint as follows:

## ANSWER

Samsung responds to the allegations in each of the corresponding numbered paragraphs of the Complaint below.  To the extent that Plaintiff's introductory paragraph or headings of the Complaint are construed as allegations, they are denied.

## PARTIES

1.    Samsung lacks sufficient information to form a belief as to the allegations of Paragraph 1, and on that basis denies them.

2.      Samsung admits that SEA is a corporation organized under the laws of the state of New York with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660 and an office at 6625 Declaration Drive, Plano, Texas 75023.  Samsung admits that SEA may be served through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.  Samsung denies any remaining allegations in paragraph 2.

3.      Samsung admits that SEC is a corporation of the Republic of Korea having a place of business at 129 Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do 443-742, Korea.

4.      Samsung admits that SEA is a wholly-owned subsidiary of SEC, that SEA is involved in the sale and distribution of certain Samsung-branded electronics in the U.S., and that SEC is involved in the manufacture of certain electronics.  Samsung denies any remaining allegations in paragraph 4.

5.      Samsung admits SEA is a wholly-owned subsidiary of SEC and that SEA is involved in the sale and distribution of certain electronics in the U.S.  Samsung denies any remaining allegations in paragraph 5.

6.      Denied.

7.      Denied.

## JURISDICTION AND VENUE

8.      Samsung admits that American Patents purports to bring a patent infringement action under 35 U.S.C. §§ 271, 281, and 284–85.  Samsung admits that 28 U.S.C. §§ 1331 and 1338(a) confer jurisdiction as to claims arising under the patent laws and claims arising under the laws of the United States upon this Court.  Samsung denies any remaining allegations in Paragraph 8.

9.      Samsung does not dispute personal jurisdiction over SEC and SEA for purposes of this action.  Samsung denies any remaining allegations in Paragraph 9.

10.      For purposes of this action, and without waiving any defense of improper venue in connection with any other cause of action or claim, SEA does not contest that venue properly lies in this district.  Samsung admits that SEA has offices in this district, including at 6625 Declaration Drive, Plano, Texas 75023.  Samsung admits that SEC is a foreign corporation.  Samsung expressly denies that it has committed any acts of infringement in this or any other state.  Samsung denies any remaining allegations in Paragraph 10.

## BACKGROUND

11.      Samsung lacks sufficient information to form a belief as to the allegations of Paragraph 11, and on that basis denies them.

12.      Samsung lacks sufficient information to form a belief as to the allegations of Paragraph 12, and on that basis denies them.

13.      Samsung lacks sufficient information to form a belief as to the allegations of Paragraph 13, and on that basis denies them.

## COUNT I

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,373,655

14.      Samsung admits that, on its face, U.S. Patent No. 7,363,655 ("the '655 Patent") is titled "System For Securing Inbound And Outbound Data Packet Flow In a Computer Network" and identifies an issue date of May 13, 2008.  Samsung denies the remaining allegations of Paragraph 14.

15.      Samsung lacks sufficient information to form a belief as to the allegations of Paragraph 15, and on that basis denies them.

16.     Samsung admits that it has made, imported, provided, supplied, distributed, sold, and/or offered for sale certain electronics products, including its Galaxy S series smartphones. Samsung denies any remaining allegations in Paragraph 16 of the Complaint.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Samsung admits that it received notice of the '655 Patent as of the date of formal service of process of American Patents' Complaint in this matter.  Samsung denies the remaining allegations in paragraph 23 of the Complaint.

24.     Denied.

25.     Denied.

## COUNT II

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,934,090

26.     Samsung admits that, on its face, U.S. Patent No. 7,934,090 ("the '090 Patent") is titled "System For Securing Inbound And Outbound Data Packet Flow In a Computer Network" and identifies an issue date of April 26, 2011.  Samsung denies the remaining allegations of Paragraph 26.

27.     Samsung lacks sufficient information to form a belief as to the allegations of Paragraph 27, and on that basis denies them.

28.     Samsung admits that it has made, imported, provided, supplied, distributed, sold, and/or offered for sale certain electronics products, including its Galaxy S series smartphones. Samsung denies any remaining allegations in Paragraph 28 of the Complaint.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Samsung admits that it received notice of the '090 Patent as of the date of formal service of process of American Patents' Complaint in this matter.  Samsung denies the remaining allegations in paragraph 34 of the Complaint.

35.     Denied.

36.     Denied.

## COUNT III

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,668,584

37.     Samsung admits that, on its face, U.S. Patent No. 8,668,584 ("the '584 Patent") is titled "Virtual Input System" and identifies an issue date of March 11, 2014.  Samsung denies the remaining allegations of Paragraph 37.

38.     Samsung lacks sufficient information to form a belief as to the allegations of Paragraph 38, and on that basis denies them.

39.     Samsung admits that it has made, imported, provided, supplied, distributed, sold, and/or offered for sale certain electronics products, including its Galaxy S series smartphones. Samsung denies any remaining allegations in Paragraph 39 of the Complaint.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied

45.     Samsung admits that it received notice of the '584 Patent as of the date of formal service of process of American Patents' Complaint in this matter.  Samsung denies the remaining allegations in paragraph 45 of the Complaint.

46.     Denied.

47.     Denied.

**COUNT IV**

**DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,116,543**

48.     Samsung admits that, on its face, U.S. Patent No. 9,116,543 ("the '543 Patent") is titled "Virtual Input System" and identifies an issue date of August 25, 2015.  Samsung denies the remaining allegations of Paragraph 48.

49.     Samsung lacks sufficient information to form a belief as to the allegations of Paragraph 49, and on that basis denies them.

50.     Samsung admits that it has made, imported, provided, supplied, distributed, sold, and/or offered for sale certain electronics products, including its Galaxy S series smartphones. Samsung denies any remaining allegations in Paragraph 50 of the Complaint.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied

56.     Samsung admits that it received notice of the '543 Patent as of the date of formal service of process of American Patents' Complaint in this matter.  Samsung denies the remaining allegations in Paragraph 56 of the Complaint.

57.     Denied.

58.     Denied.

### COUNT V

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,606,674

59.     Samsung admits that, on its face, U.S. Patent No. 9,606,674 ("the '674 Patent") is titled "Virtual Input System" and identifies an issue date of March 28, 2017.  Samsung denies the remaining allegations of Paragraph 59.

60.     Samsung lacks sufficient information to form a belief as to the allegations of Paragraph 60, and on that basis denies them.

61.     Samsung admits that it has made, imported, provided, supplied, distributed, sold, and/or offered for sale certain electronics products, including its Galaxy S series smartphones. Samsung denies any remaining allegations in Paragraph 61 of the Complaint.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied

67.     Samsung admits that it received notice of the '674 Patent as of the date of formal service of process of American Patents' Complaint in this matter.  Samsung denies the remaining allegations in Paragraph 67 of the Complaint.

68.     Denied.

69.     Denied.

### ADDITIONAL ALLEGATIONS REGARDING INDIRECT INFRINGEMENT

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

### JURY DEMAND

77.     Samsung admits the Complaint sets forth a request for trial by jury.

### PRAYER FOR RELIEF

78.     Samsung denies that American Patents is entitled to any of the relief requested in Paragraphs a-f of the Prayer for Relief or to any other relief.

### GENERAL DENIAL

79.     Samsung denies every allegation in the Complaint that was not specifically admitted above.

### DEFENSES

80.     Further to the responses above, Samsung alleges and asserts the following defenses, including affirmative defenses as to which Samsung undertakes the burden of proof only to the extent such defenses are deemed affirmative defenses by law.

### FIRST DEFENSE – FAILURE TO STATE A CLAIM

81.     American Patents' Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE – NON-INFRINGEMENT

82.     Samsung has not willfully, intentionally, recklessly, knowingly, jointly, or otherwise infringed (literally or under the doctrine of equivalents), induced infringement of, or contributed to the infringement of any valid and enforceable claim of the '655 Patent, the '090 Patent, the '584 Patent, the '543 Patent, and the '674 Patent (collectively, the "Asserted Patents") as properly construed.  If the claims at issue are interpreted so broadly as to read on any accused product, Samsung has not infringed any such claim of the patent under the Reverse Doctrine of Equivalents.

### THIRD DEFENSE – INVALIDITY

83.     The claims of the Asserted Patents are invalid and/or unpatentable for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 120 because, for example, the alleged invention thereof lacks utility; is taught by, suggested by, and/or obvious in view of, the prior art; is not adequately supported or enabled by the written description of that patented invention; and/or the claims are indefinite and/or directed to an abstract idea or other non-statutory subject matter.

### FOURTH DEFENSE - PROSECUTION HISTORY ESTOPPEL

84.     Based on the proceedings before the United States Patent and Trademark Office ("USPTO") during the prosecution of the applications that ultimately issued as the Asserted Patents and/or the application(s) to which the Asserted Patents claim priority, American Patents has disclaimed and/or disavowed the full scope of any allegedly infringed claim of the Asserted Patents and, as such, is estopped from construing any such claim to cover or include, either literally or under the doctrine of equivalents, any product, system, or service of, or any method performed in whole or in part by, Samsung.

**FIFTH DEFENSE - LICENSE, ESTOPPEL, ACQUIESCENCE AND/OR WAIVER**

85.     American Patents is barred, in whole or in part, from seeking any relief because of license, estoppel, acquiescence, and/or waiver.

**SIXTH DEFENSE - INJUNCTIVE RELIEF NOT WARRANTED**

86.      American Patents is not entitled to injunctive relief because (1) American Patents has not suffered nor will it suffer irreparable harm because of Samsung's conduct; (2) any harm to American Patents would be outweighed by the harm to Samsung if any injunction were entered; (3) American Patents has an adequate remedy at law if he were to prevail in this action; and (4) the public interest would not be served by an injunction.

**SEVENTH DEFENSE - DAMAGES AND COST LIMITATIONS**

87.     On information and belief, American Patents' claims for relief are limited or barred, in whole or in part, by 35 U.S.C. §§ 286, 287, and/or 288.  American Patents' right to seek damages and costs is further limited and/or barred, in whole or in part, by 28 U.S.C. § 1498.

**EIGHTH DEFENSE – ENSNAREMENT**

88.     All or some of Plaintiff's claims for infringement are barred by the doctrine of ensnarement.

## NINTH DEFENSE – ACTIONS OF OTHERS

89.     The claims made in the Complaint are barred, in whole or in part, because Samsung is not liable for the acts of others over whom it has no control.

## TENTH DEFENSE – NO CAUSATION

90.     Plaintiff's claims against Samsung are barred because Plaintiff's damages, if any, were not caused by Samsung.

## ELEVENTH DEFENSE – NO EXCEPTIONAL CASE

91.     Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against SEA under 35 U.S.C. § 285 or otherwise.

## TWELFTH DEFENSE – EXHAUSTION/SINGLE RECOVERY RULE

92.     Plaintiff's claims for relief are barred by the doctrines of patent exhaustion and/or the single recovery rule.

## THIRDTEENTH DEFENSE – LACK OF STANDING

93.     Plaintiff lacks standing to assert the '655, '090, '584, '543, and '674 Patents.

## RESERVATION OF ADDITIONAL DEFENSES

94.     Samsung reserves the right to amend, supplement, and/or assert additional affirmative defenses which may be developed through discovery in this action.

## COUNTER CLAIMS

Samsung, for its counterclaims against American Patents, states as follows:

1.     Samsung Electronics Co., Ltd. ("SEC") is a corporation of the Republic of Korea with its principal place of business located at 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, Republic of Korea 443-742.

2.     Samsung Electronics America ("SEA") is a New York corporation with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

11

3.      Based on Paragraph 1 of the Complaint, American Patents claims to be a limited liability company formed under the laws of the State of Texas, with its principal place of business at 2325 Oak Alley, Tyler, Texas 75703.

## JURISDICTION AND VENUE

4.      These Counterclaims arise under the United States Patent Act, 35 U.S.C. §1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5.      In Paragraphs 15, 27, 38, 49, and 60, of the Complaint, American Patents contends that it is the owner of all rights, title, and interest in and to the Asserted Patents.

6.      Through its Complaint, American Patents charges Samsung with infringement of one or more claims of the Asserted Patents, and thus, American Patents has submitted itself to the jurisdiction of this Court, has created an actual case or controversy between the parties, and has asserted that venue is proper in this Court.

7.      This Court has personal jurisdiction over American Patents due at least to its submission to the jurisdiction of this Court through the filing of its Complaint against Samsung.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and/or 1400(b), at least because American Patents filed its Complaint against Samsung in this district.

## COUNT I
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '655 PATENT)

9.      Samsung incorporates by reference Paragraphs 1-8 of these Counterclaims.

10.     On September 24, 2018, American Patents filed a Complaint naming SEC and SEA (collectively "Samsung") as defendants.

11.     American Patents' Complaint alleges that American Patents owns the '655 Patent and holds the rights to sue and recover damages for infringement thereof, and further accuses

Samsung of infringing the '655 Patent by the making, having made, using, importing, providing, supplying, distributing, offering for sale, or selling certain products.

12.    Samsung denies that it has infringed or is infringing the '655 Patent whether directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner through the making, having made, using, importing, providing, supplying, distributing, offering for sale or selling certain products.

13.    Accordingly, a valid and justiciable controversy has arisen and exists between Samsung and American Patents regarding American Patents' allegations of infringement of the '655 Patent.

14.    Pursuant to 28 U.S.C. §§ 2201 and 2202, Samsung is entitled to a declaratory judgment that Samsung has not infringed, and currently does not infringe, any valid and enforceable claim of the '655 Patent whether directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

## COUNT II
## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '655 PATENT)

15.    Samsung incorporates by reference Paragraphs 1-14 of these Counterclaims.

16.    On September 24, 2018, American Patents filed a Complaint naming Samsung as defendants.

17.    American Patents' Complaint alleges that American Patents owns the '655 Patent and holds the right to sue and recover damages for infringement thereof, and further accuses Samsung of infringing the '655 Patent by the making, having made, using, importing, providing, supplying, distributing, offering for sale, or selling certain products.

18.    One or more claims of the '655 Patent is invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, 112, 116, 119 and/or 120.  A judicial declaration that one or more of the

claims of the '655 Patent are invalid and/or unenforceable because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that Samsung can ascertain its rights and duties with respect to the '655 Patent.  Samsung has no adequate remedy at law.

19.     Accordingly, a valid and justiciable controversy has arisen and exists between Samsung and American Patents regarding the validity of the '655 Patent.

20.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Samsung is entitled to a declaratory judgment that one or more claims of the '655 Patent is invalid.

## COUNT III
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '090 PATENT)

21.     Samsung incorporates by reference Paragraphs 1-20 of these Counterclaims.

22.     On September 24, 2018, American Patents filed a Complaint naming Samsung as defendants.

23.     American Patents' Complaint alleges that American Patents owns the '090 Patent and holds the rights to sue and recover damages for infringement thereof, and further accuses Samsung of infringing the '090 Patent by the making, having made, using, importing, providing, supplying, distributing, offering for sale, or selling certain products.

24.     Samsung denies that it has infringed or is infringing the '090 Patent whether directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner through the making, having made, using, importing, providing, supplying, distributing, offering for sale or selling certain products.

25.     Accordingly, a valid and justiciable controversy has arisen and exists between Samsung and American Patents regarding American Patents' allegations of infringement of the '090 Patent.

26.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Samsung is entitled to a declaratory judgment that Samsung has not infringed, and currently does not infringe, any valid and enforceable claim of the '655 Patent whether directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

## COUNT IV
## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '090 PATENT)

27.     Samsung incorporates by reference Paragraphs 1-26 of these Counterclaims.

28.     On September 24, 2018, American Patents filed a Complaint naming Samsung as defendants.

29.     American Patents' Complaint alleges that American Patents owns the '090 Patent and holds the right to sue and recover damages for infringement thereof, and further accuses Samsung of infringing the '090 Patent by the making, having made, using, importing, providing, supplying, distributing, offering for sale, or selling certain products.

30.     One or more claims of the '090 Patent is invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, 112, 116, 119 and/or 120.   A judicial declaration that one or more of the claims of the '090 Patent are invalid and/or unenforceable because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that Samsung can ascertain its rights and duties with respect to the '090 Patent.  Samsung has no adequate remedy at law.

31.     Accordingly, a valid and justiciable controversy has arisen and exists between Samsung and American Patents regarding the validity of the '090 Patent.

32.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Samsung is entitled to a declaratory judgment that one or more claims of the '090 Patent is invalid.

**COUNT V**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '584 PATENT)**

33.     Samsung incorporates by reference Paragraphs 1-32 of these Counterclaims.

34.     On September 24, 2018, American Patents filed a Complaint naming Samsung as defendants.

35.     American Patents' Complaint alleges that American Patents owns the '584 Patent and holds the rights to sue and recover damages for infringement thereof, and further accuses Samsung of infringing the '584 Patent by the making, having made, using, importing, providing, supplying, distributing, offering for sale, or selling certain products.

36.     Samsung denies that it has infringed or is infringing the '584 Patent whether directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner through the making, having made, using, importing, providing, supplying, distributing, offering for sale or selling certain products.

37.     Accordingly, a valid and justiciable controversy has arisen and exists between Samsung and American Patents regarding American Patents' allegations of infringement of the '584 Patent.

38.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Samsung is entitled to a declaratory judgment that Samsung has not infringed, and currently does not infringe, any valid and enforceable claim of the '584 Patent whether directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

**COUNT VI**
**(DECLARATORY JUDGMENT OF INVALIDITY OF THE '584 PATENT)**

39.     Samsung incorporates by reference Paragraphs 1-38 of these Counterclaims.

40.     On September 24, 2018, American Patents filed a Complaint naming Samsung as defendants.

41.     American Patents' Complaint alleges that American Patents owns the '584 Patent and holds the right to sue and recover damages for infringement thereof, and further accuses Samsung of infringing the '584 Patent by the making, having made, using, importing, providing, supplying, distributing, offering for sale, or selling certain products.

42.     One or more claims of the '584 Patent is invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, 112, 116, 119 and/or 120.  A judicial declaration that one or more of the claims of the '584 Patent are invalid and/or unenforceable because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that Samsung can ascertain its rights and duties with respect to the '584 Patent.  Samsung has no adequate remedy at law.

43.     Accordingly, a valid and justiciable controversy has arisen and exists between Samsung and American Patents regarding the validity of the '584 Patent.

44.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Samsung is entitled to a declaratory judgment that one or more claims of the '584 Patent is invalid.

**COUNT VII**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '543 PATENT)**

45.     Samsung incorporates by reference Paragraphs 1-44 of these Counterclaims.

46.     On September 24, 2018, American Patents filed a Complaint naming Samsung as defendants.

47.     American Patents' Complaint alleges that American Patents owns the '543 Patent and holds the rights to sue and recover damages for infringement thereof, and further accuses

Samsung of infringing the '543 Patent by the making, having made, using, importing, providing, supplying, distributing, offering for sale, or selling certain products.

48.     Samsung denies that it has infringed or is infringing the '543 Patent whether directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner through the making, having made, using, importing, providing, supplying, distributing, offering for sale or selling certain products.

49.     Accordingly, a valid and justiciable controversy has arisen and exists between Samsung and American Patents regarding American Patents' allegations of infringement of the '543 Patent.

50.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Samsung is entitled to a declaratory judgment that Samsung has not infringed, and currently does not infringe, any valid and enforceable claim of the '543 Patent whether directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

## COUNT VIII
## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '543 PATENT)

51.     Samsung incorporates by reference Paragraphs 1-50 of these Counterclaims.

52.     On September 24, 2018, American Patents filed a Complaint naming Samsung as defendants.

53.     American Patents' Complaint alleges that American Patents owns the '543 Patent and holds the right to sue and recover damages for infringement thereof, and further accuses Samsung of infringing the '543 Patent by the making, having made, using, importing, providing, supplying, distributing, offering for sale, or selling certain products.

54.     One or more claims of the '543 Patent is invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, 112, 116, 119 and/or 120.  A judicial declaration that one or more of the claims of the '543 Patent are invalid and/or unenforceable because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that Samsung can ascertain its rights and duties with respect to the '543 Patent.  Samsung has no adequate remedy at law.

55.     Accordingly, a valid and justiciable controversy has arisen and exists between Samsung and American Patents regarding the validity of the '543 Patent.

56.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Samsung is entitled to a declaratory judgment that one or more claims of the '543 Patent is invalid.

## COUNT IX
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '674 PATENT)

57.     Samsung incorporates by reference Paragraphs 1-56 of these Counterclaims.

58.     On September 24, 2018, American Patents filed a Complaint naming Samsung as defendants.

59.     American Patents' Complaint alleges that American Patents owns the '674 Patent and holds the rights to sue and recover damages for infringement thereof, and further accuses Samsung of infringing the '674 Patent by the making, having made, using, importing, providing, supplying, distributing, offering for sale, or selling certain products.

60.     Samsung denies that it has infringed or is infringing the '674 Patent whether directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner through the making, having made, using, importing, providing, supplying, distributing, offering for sale or selling certain products.

61.     Accordingly, a valid and justiciable controversy has arisen and exists between Samsung and American Patents regarding American Patents' allegations of infringement of the '674 Patent.

62.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Samsung is entitled to a declaratory judgment that Samsung has not infringed, and currently does not infringe, any valid and enforceable claim of the '674 Patent whether directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

### COUNT X
### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '674 PATENT)

63.     Samsung incorporates by reference Paragraphs 1-62 of these Counterclaims.

64.     On September 24, 2018, American Patents filed a Complaint naming Samsung as defendants.

65.     American Patents' Complaint alleges that American Patents owns the '674 Patent and holds the right to sue and recover damages for infringement thereof, and further accuses Samsung of infringing the '674 Patent by the making, having made, using, importing, providing, supplying, distributing, offering for sale, or selling certain products.

66.     One or more claims of the '674 Patent is invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, 112, 116, 119 and/or 120.  A judicial declaration that one or more of the claims of the '674 Patent are invalid and/or unenforceable because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that Samsung can ascertain its rights and duties with respect to the '674 Patent.  Samsung has no adequate remedy at law.

67.     Accordingly, a valid and justiciable controversy has arisen and exists between Samsung and American Patents regarding the validity of the '674 Patent.

68.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Samsung is entitled to a declaratory judgment that one or more claims of the '674 Patent is invalid.

## JURY DEMAND

69.     Samsung hereby demands a trial by jury as to all fact issues related to these Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Samsung respectfully requests that this Court enter a judgment on the Complaint granting the relief set forth below:

a)     Declaratory judgment that Samsung has not infringed, contributed to the infringement of, or induced infringement of, any claim of the Asserted Patents;

b)     Declaratory judgment that the claims of the Asserted Patents are invalid;

c)     Dismissal with prejudice of American Patents' Complaint;

d)     Denial of all relief sought by American Patents;

e)     Judgment in favor of Samsung and against American Patents;

f)     Judgment that this an exceptional case under 35 U.S.C. § 285 and/or other applicable laws, and awarding Samsung its attorneys' fees and costs incurred in connection with this action; and

g)     Judgment awarding Samsung such other relief as this Court may deem just and proper.

Dated: May 31, 2019

*/s/ Neil P. Sirota*

Timothy S. Durst (SBN:  00786924)
tim.durst@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, TX 75201
Tel: (214) 953-6500
Fax: (214) 953-6503

Neil P. Sirota
neil.sirota@bakerbotts.com
Robert L. Maier
robert.maier@bakerbotts.com
Michael E. Knierim
michael.knierim@bakerbotts.com
Scott D. Baker
scott.baker@bakerbotts.com
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112-4498
Tel: (212) 408-2500
Fax: (212) 408-2501

Roger D. Sanders
roger.sanders@somlaw.net
J. Michael Young
michael.young@somlaw.net
SANDERS, MOTLEY, YOUNG
& GALLARDO, PLLC
111 South Travis Street
Sherman, Texas 75090
(903) 892-9133

*Attorneys for Defendants Samsung Electronics
Co., Ltd. and Samsung Electronics America,
Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record are being served with a copy of this document via email this 31st day of May, 2019.

/s/ Neil P. Sirota
Neil P. Sirota